IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE ALLEN MASSEY, | § | |
| Dallas Cnty. Jail BookIn No. 20045011, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-553-X-BN |
| | § | |
| RENE HINOJOSA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Bruce Allen Massey, an inmate at the Dallas County jail, has filed a *pro se* civil complaint asserting that his "street time" was wrongly taken from him when his parole was revoked, requesting that nine years of credit be restored and that he be awarded monetary damages. *See* Dkt. No. 3.

United States District Judge Brantley Starr has referred Massey's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Massey alleges that he was convicted of unauthorized use of a motor vehicle and sentenced to 33 years of imprisonment. *See* Dkt. No. 3 at 4. This Texas sentence was increased to 41 years "after [Massey received] a violation in 2004" and "was returned to prison." *Id.* He further alleges that his "street time was taken under a 1996 law" but that his "conviction was finalized in 1986." *Id.*

"Under Texas law, a person who serves a month in prison has that month of 'calendar time' credited toward his sentence. A person who serves a month on parole

may likewise earn a month of '[s]treet-time credit,' a form of calendar time which also counts toward a sentence." *Rhodes v. Thaler*, 713 F.3d 264, 265 (5th Cir. 2013) (quoting *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004) ("Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.")).

And, under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

First, that Massey petitions this Court to restore his "street time" requests release from confinement, relief available through a writ of habeas corpus, not through a civil action against a state parole official, ostensibly under 42 U.S.C. § 1983. *See, e.g.*, *Thompson v. Tex. Parole & Pardons*, No. 3:20-cv-848-K-BK, 2020 WL 7327989, at *2 (N.D. Tex. Sept. 25, 2020) ("Thompson's request for a return of his street-time credit is cognizable only in a habeas corpus action." (citing *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 & n.5 (5th Cir. 1995) (per curiam) (collecting cases))), *rec. accepted*, 2020 WL 7321349 (N.D. Tex. Dec. 11, 2020); *cf. Hayes v. Texas*, 370 F. App'x 508, 509 (5th Cir. 2010) (per curiam) ("Hayes's claim that he was denied 'street time' credit is meritless because prior to 2001 (when Hayes's supervision was revoked), Texas law required the Texas Board of Pardons and Paroles to disregard the street time a prisoner accumulated while released on

parole, and, as such, Hayes had no liberty interest in those credits." (citing TEX. GOV'T CODE ANN. § 508.283 (Vernon 1998); *Thompson v. Cockrell*, 263 F.3d 423, 425-28 (5th Cir. 2001))).

And any civil claim (i.e., for monetary damages) that Massey may now bring based on the revocation of his street-time credit is currently frivolous.

Civil claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

Parole claims are also subject to the rule in *Heck*. *See, e.g., Thompson*, 2020 WL 7327989, at *2 ("The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, as well as

claims for declaratory and injunctive relief. In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation has been invalidated by a state or federal court…. Therefore, unless and until [the plaintiff's] parole revocation is called into question by[, for example,] a federal writ of habeas corpus, [he] cannot maintain a civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his parole revocation." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *McGrew*, 47 F.3d at 161; *Almendarez v. Huddleston*, 434 F. App'x 397, 397-98 (5th Cir. 2011) (per curiam))).

In fact, because Massey fails to show that his parole revocation "has yet to be formally [resolved] in his favor, his [related civil] causes of action … have not yet accrued and will not begin to accrue until" the revocation underlying his claims is vacated, reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus or otherwise. *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) (citing *Heck*, 512 U.S. at 489-90; footnote omitted).

And, to be clear, a *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook*, 974 F.3d at 539 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

So, once Massey can meet the preconditions of *Heck* – that is, if he obtains a favorable termination as the underlying parole revocation – he may reassert the related civil claims.

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Bruce Allen Massey's ability to present his habeas claims through a state application for a writ of habeas corpus and to refile his civil claims once he can show that the preconditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), have been met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE